UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| STACEY LONG, | ) | CASE NO: 1:18CV1364 |
|---|---|---|
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| BRIGHAM SLOAN, et. al., | ) | |
| Defendants. | ) | MEMORANDUM OPINION |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg. (ECF #44). On June 15, 2018, Plaintiff, Stacey Long, filed a Complaint and Request for Injunction. (ECF #1). Plaintiff's pending motions consist of Plaintiff's Request for Preliminary Injunction (ECF #8) and Motion for Preliminary Injunction (ECF #22). The five Defendants also have three pending motions: Defendant Michael Davis' Motion to Dismiss for Failure to State a Claim (ECF #29), Defendants Brigham Sloan and J. King's Motion to Dismiss for Failure to State a Claim and Joinder in Defendant Davis' Motion to Dismiss (ECF #31), and Defendants E. Weizer and G. Stills' Joinder in Defendant Davis' Motion to Dismiss (ECF #32).

On May 23, 2019, Magistrate Judge Greenberg issued his Report and Recommendation. (ECF #44). Magistrate Judge Greenberg recommends that Plaintiff's Requests for Preliminary Injunction (ECF #8, 22) be denied, Defendant Davis' Motion to Dismiss (ECF #29) be granted, Defendants Sloan's and King's Motion to Dismiss (ECF #31) be granted, and Defendants Weizer's and Still's Motion to Dismiss (ECF #32) be granted. Plaintiff filed a timely Objection

to the Report and Recommendation with a Memorandum in Support. (ECF #47). Defendants King and Sloan filed a Response to Plaintiff's Objection. (ECF #48).

The Court finds Magistrate Judge Greenberg's Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court therefore adopts the "Procedural Background" and "Factual Allegations" included therein. (ECF #44, p. 2-6).

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.

### Analysis

The Court reviewed Plaintiff's Objection to the Report and Recommendation, discussed first here in order to determine the part(s) of the Report and Recommendation that are subject to a *de novo* review. In Mr. Long's Objection, he reminds the Court of his Jewish faith, its sincerity, and its practice of maintaining a kosher diet. He also reminds the Court of his legal arguments for protection under RLUIPA, the First Amendment, and Ohio's Food and Drug Law. (ECF #47).

Although Mr. Long filed an objection, his Objection lacks reasonable specificity for why the Magistrate Judge should have reached a different outcome. When a plaintiff files an objection

to a report and recommendation, the plaintiff must file "specific objections." *Murphy v. Reed*, 22 Fed.Appx. 390, 391 (6th Cir. 2001). Therefore, if a plaintiff only files "vague, general, or conclusory objections," then the Court may review the Report and Recommendation as if the plaintiff entirely failed to object. *Cole v. Yunkins*, 7 Fed.Appx. 354, 356 (6th Cir. 2001).

The Court finds Mr. Long's Objection is conclusory and serves as a re-iteration of prior arguments and facts. Therefore, Plaintiff's Objection is not a cause for a *de novo* review of any part of the case, but the Court nevertheless thoroughly examines the Magistrate Judge's Report and Recommendation in light of Plaintiff's dissatisfaction.

The Magistrate Judge correctly recommends that the Court: (1) decline to consider new exhibits attached to Plaintiff's briefs because the exhibits are neither referenced in the Complaint nor demonstrated as central to Plaintiff's claim; (2) dismiss the RLUIPA claim because Plaintiff failed to allege his Jewish faith or his diet's connection to practicing Judaism in his Amended Complaint; (3) dismiss the First Amendment claim because Plaintiff did not clearly show any defendants' personal involvement in unconstitutional behavior, as well as failing to allege that kosher meals are essential to an alleged "sincerely held religious belief;" (4) dismiss the Eighth Amendment claim because Plaintiff did not show a specific incident of a named supervisor's misconduct; (5) deny the Fourteenth Amendment claim because Plaintiff failed to allege a liberty or property interest protected by the Due Process clause; (6) dismiss the 28 C.F.R. § 541.12 because the code is not enforceable; (7) dismiss the Ohio Pure Food and Drug Law claim because the claim is not included in Plaintiff's Amended Complaint; and (8) deny Plaintiff's request for Preliminary Injunction because there is an insufficient showing of likelihood of success on the

merits and an insufficient demonstration of an irreparable injury. This Court adopts Magistrate Judge Greenberg's findings of fact and conclusions of law.

## Conclusion

The Report and Recommendation of Magistrate Judge Greenberg is ADOPTED. (ECF #44). Plaintiff's Requests for Preliminary Injunction are DENIED. Defendant Davis' Motion to Dismiss is GRANTED. Defendants Sloan and King's Motion to Dismiss is GRANTED. Defendants Weizer and Stills' Motion to Dismiss is GRANTED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is not basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. 22(b).

IT IS SO ORDERED.

DATE: July 18, 2019

DONALD C. NUGENT
United States District Judge